1
2
3
4
5

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

6
7
8
9
10
11
12

STEPHEN E. LEWANKOWSKY,

                   Plaintiff,

   v.

CAROLYN W. COLVIN, Acting
Commissioner of Social Security,

              Defendant.

Case No. 2:15-cv-01123-KLS

ORDER REVERSING AND
REMANDING DEFENDANT'S
DECISION TO DENY BENEFITS

13
14
15
16
17
18
19
20

      Plaintiff has brought this matter for judicial review of defendant's denial of his

application for disability insurance benefits. The parties have consented to have this matter heard

by the undersigned Magistrate Judge. *See* 28 U.S.C. § 636(c), Federal Rule of Civil Procedure

73; Local Rule MJR 13. For the reasons set forth below, the Court finds that defendant's decision

to deny benefits should be reversed and that this matter should be remanded for further

administrative proceedings.

21
22

<u>FACTUAL AND PROCEDURAL HISTORY</u>

23
24
25
26

      On August 16, 2012, plaintiff filed an application for disability insurance, alleging

disability as of May 1, 2011. Dkt. 8, Administrative Record (AR) 23. That application was

denied on initial administrative review on October 17, 2012, and on reconsideration on January

22, 2013. *Id.* On September 24, 2013, plaintiff, represented by counsel, appeared at a hearing

ORDER - 1

before an administrative law judge, and testified, as did a vocational expert. AR 39-72.

In a decision dated October 25, 2013, the ALJ determined plaintiff to be not disabled. AR 23-34. On January 2, 2015, the Appeals Council denied plaintiff's request for review of the ALJ's decision, making that decision the final decision of the Commissioner. AR 1; 20 C.F.R. § 404.981. On July 14, 2015, plaintiff filed a complaint in this Court seeking judicial review of the Commissioner's final decision. Dkt. 1. The administrative record was filed with the Court on October 16, 2015. Dkt. 8. As the parties have completed their briefing, this matter is now ripe for the Court's review.

Plaintiff argues defendant's decision to deny benefits should be reversed and remanded for further administrative proceedings because the ALJ erred: (1) in evaluating the opinions of Dale Thuline, M.D., Renee Eisenhauer, Ph.D., Aaron Russell, Psy.D., and Philip Zylstra, M.D.; (2) in discounting plaintiff's credibility; and (3) in assessing his residual functional capacity (RFC). For the reasons set forth below, the Court agrees the ALJ erred in evaluating the opinion of Dr. Thuline, and thus in assessing plaintiff's RFC, and therefore finds that defendant's decision to deny benefits should be reversed and that this matter should be remanded for further administrative proceedings on this basis.

## DISCUSSION

The Commissioner's determination that a claimant is not disabled must be upheld if the "proper legal standards" have been applied, and the "substantial evidence in the record as a whole supports" that determination. *Hoffman v. Heckler*, 785 F.2d 1423, 1425 (9th Cir. 1986); *see also Batson v. Commissioner of Social Security Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004); *Carr v. Sullivan*, 772 F.Supp. 522, 525 (E.D. Wash. 1991) ("A decision supported by substantial evidence will, nevertheless, be set aside if the proper legal standards were not applied in

ORDER - 2

weighing the evidence and making the decision.") (citing *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1987)).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citation omitted); *see also Batson*, 359 F.3d at 1193 ("[T]he Commissioner's findings are upheld if supported by inferences reasonably drawn from the record."). "The substantial evidence test requires that the reviewing court determine" whether the Commissioner's decision is "supported by more than a scintilla of evidence, although less than a preponderance of the evidence is required." *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975). "If the evidence admits of more than one rational interpretation," the Commissioner's decision must be upheld. *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984) ("Where there is conflicting evidence sufficient to support either outcome, we must affirm the decision actually made.") (quoting *Rinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971)). [1]

I.    The ALJ's Evaluation of Dr. Thuline's Opinion

The ALJ is responsible for determining credibility and resolving ambiguities and conflicts in the medical evidence. *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998).  Where the medical evidence in the record is not conclusive, "questions of credibility and resolution of conflicts" are solely the functions of the ALJ. *Sample v. Schweiker*, 694 F.2d 639, 642 (9th Cir.

---

[1] As the Ninth Circuit has further explained:

> . . . It is immaterial that the evidence in a case would permit a different conclusion than that which the [Commissioner] reached. If the [Commissioner]'s findings are supported by substantial evidence, the courts are required to accept them. It is the function of the [Commissioner], and not the court's to resolve conflicts in the evidence. While the court may not try the case de novo, neither may it abdicate its traditional function of review. It must scrutinize the record as a whole to determine whether the [Commissioner]'s conclusions are rational. If they are . . . they must be upheld.

*Sorenson*, 514 F.2d at 1119 n.10.

ORDER - 3

1982).  In such cases, "the ALJ's conclusion must be upheld." *Morgan v. Comm'r of the Soc. Sec. Admin.*, 169 F.3d 595, 601 (9th Cir. 1999). Determining whether inconsistencies in the medical evidence "are material (or are in fact inconsistencies at all) and whether certain factors are relevant to discount" the opinions of medical experts "falls within this responsibility." *Id.* at 603.

In resolving questions of credibility and conflicts in the evidence, an ALJ's findings "must be supported by specific, cogent reasons." *Reddick*, 157 F.3d at 725. The ALJ can do this "by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Id.* The ALJ also may draw inferences "logically flowing from the evidence." *Sample*, 694 F.2d at 642. Further, the Court itself may draw "specific and legitimate inferences from the ALJ's opinion." *Magallanes v. Bowen*, 881 F.2d 747, 755, (9th Cir. 1989).

The ALJ must provide "clear and convincing" reasons for rejecting the uncontradicted opinion of either a treating or examining physician. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996). Even when a treating or examining physician's opinion is contradicted, that opinion "can only be rejected for specific and legitimate reasons that are supported by substantial evidence in the record." *Id.* at 830-31. However, the ALJ "need not discuss *all* evidence presented" to him or her. *Vincent on Behalf of Vincent v. Heckler*, 739 F.2d 1393, 1394-95 (9th Cir. 1984) (citation omitted) (emphasis in original). The ALJ must only explain why "significant probative evidence has been rejected." *Id.*; *see also Cotter v. Harris*, 642 F.2d 700, 706-07 (3rd Cir. 1981); *Garfield v. Schweiker*, 732 F.2d 605, 610 (7th Cir. 1984).

In general, more weight is given to a treating physician's opinion than to the opinions of those who do not treat the claimant. *See Lester*, 81 F.3d at 830. On the other hand, an ALJ need

not accept the opinion of a treating physician, "if that opinion is brief, conclusory, and inadequately supported by clinical findings" or "by the record as a whole." *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004); *see also Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002); *Tonapetyan v. Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001). An examining physician's opinion is "entitled to greater weight than the opinion of a nonexamining physician." *Lester*, 81 F.3d at 830-31. A non-examining physician's opinion may constitute substantial evidence if "it is consistent with other independent evidence in the record." *Tonapetyan*, 242 F.3d at 1149; *Lester*, 81 F.3d at 830-31.

With respect to the opinion evidence from Dr. Thuline, the ALJ found as follows:

> Dale Thuline, M.D., opined that the claimant could perform less than the full range of light work activities, with postural and environmental limitations related to the right ankle fusion. . . . Although [Dr. Thuline] did not examine the claimant, [as a state agency consultant he is] considered [an expert] in the Social Security Disability programs and [his opinion is] well supported by the medical evidence. It should be noted that Dr. Thuline . . . reviewed the medical evidence objectively and relied on findings from the consultative examination, treatment records, and the claimant's own reported activities in formulating [his assessment]. However, the undersigned has concluded that the objective medical evidence, as well as the claimant's activities of daily living, demonstrates an ability to perform work activities at less than the medium exertional level. Accordingly, the undersigned has given . . . some weight to Dr. Thuline's opinion in determining the severity of the claimant's physical limitations.

AR 30-31. Plaintiff argues the ALJ failed to provide valid reasons here for not fully adopting Dr. Thuline's opinion. The Court agrees.

As plaintiff points out, in rejecting Dr. Thuline's limitation to less than the full range of light work, the ALJ merely offered a conclusory statement that the objective medical evidence was indicative of greater functional ability, pointing to no specific clinical findings or opinion evidence to support her conclusion. *Garrison v. Colvin*, 759 F.3d 995, 1012-13 (9th Cir. 2014) ("[A]n ALJ errs when he rejects a medical opinion or assigns it little weight while doing nothing

ORDER - 5

more than . . . criticizing it with boilerplate language that fails to offer a substantive basis for his conclusion.") (citing *Nguyen v. Chater*, 100 F.3d 1462, 1464 (9th Cir.1996)). Although the ALJ summarized some of the imagining studies in the record, she failed to explain how that evidence necessarily contradicted Dr. Thuline's opinion. AR 30-31.

As plaintiff points out, furthermore, those imaging studies and the other medical evidence in the record – which Dr. Thuline apparently reviewed – contain objective findings that certainly could support Dr. Thuline's opinion. AR 92, 260, 262, 264, 277-79, 353, 358-60, 362-65, 369, 372-73, 376, 433, 500-01. The ALJ erred in failing to explain why her interpretation of those findings was more reliable than Dr. Thuline's. *Gonzalez Perez v. Sec'y of Health and Human Servs.*, 812 F.2d 747, 749 (1st Cir. 1987) (ALJ may not substitute own opinion for that of physician); *McBrayer v. Sec'y of Health and Human Servs.*, 712 F.2d 795, 799 (2nd Cir. 1983). Similarly, the ALJ failed to explain which activities of daily living specifically contradict Dr. Thuline's opinion, and again the record does not show plaintiff has engaged in such activities at a frequency or to an extent that necessarily contradicts it. AR 44, 59-65, 195-97, 199-201, 227-30, 235-38, 253, 380. The ALJ thus failed to provide valid reasons for not adopting Dr. Thuline's full opinion, and as such she erred.

II.     The ALJ's Assessment of Plaintiff's RFC

Defendant employs a five-step "sequential evaluation process" to determine whether a claimant is disabled. *See* 20 C.F.R. § 404.1520. If the claimant is found disabled or not disabled at any particular step thereof, the disability determination is made at that step, and the sequential evaluation process ends. *See id.* If a disability determination "cannot be made on the basis of medical factors alone at step three of that process," the ALJ must identify the claimant's "functional limitations and restrictions" and assess his or her "remaining capacities for work-

related activities." Social Security Ruling ("SSR") 96-8p, 1996 WL 374184 *2. A claimant's RFC assessment is used at step four of the sequential disability evaluation process to determine whether he or she can do his or her past relevant work, and at step five to determine whether he or she can do other work. *See id.*

Residual functional capacity thus is what the claimant "can still do despite his or her limitations." *Id.* It is the maximum amount of work the claimant is able to perform based on all of the relevant evidence in the record. *See id.* However, an inability to work must result from the claimant's "physical or mental impairment(s)." *Id.* Thus, the ALJ must consider only those limitations and restrictions "attributable to medically determinable impairments." *Id.* In assessing a claimant's RFC, the ALJ also is required to discuss why the claimant's "symptom-related functional limitations and restrictions can or cannot reasonably be accepted as consistent with the medical or other evidence." *Id.* at *7.

The ALJ found plaintiff had the RFC:

> **to lift and/or carry up to 50 pounds occasionally and 25 pounds frequently, stand and/or walk for approximately six hours per eight-hour workday, and sit for approximately six hours per eight-hour workday with normal breaks. The claimant can frequently operate foot controls with the right lower extremity, occasionally climb ramps or stairs, never climb ladders, ropes, or scaffolds, frequently balance, and occasionally stoop, kneel, crouch, and crawl. The claimant should avoid concentrated exposure to excessive vibration and to workplace hazards such as dangerous machinery and unprotected heights. The claimant can perform relatively simple tasks with superficial interactions with the general public and with co-workers.**

AR 28-29. But because as discussed above the ALJ erred in evaluating Dr. Thuline's opinion, it is far from clear that the ALJ's RFC assessment completely and accurately describes all of plaintiff's functional limitations. As such, here too the ALJ erred.

ORDER - 7

III.     This Matter Should Be Remanded for Further Administrative Proceedings

A Court may order remand "either for additional evidence and findings or to award

benefits." *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996). Generally, when the Court

reverses an ALJ's decision, "the proper course, except in rare circumstances, is to remand to the

agency for additional investigation or explanation." *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th

Cir. 2004) (citations omitted). As such, it is only "the unusual case in which it is clear from the

record that the claimant is unable to perform gainful employment in the national economy," that

"remand for an immediate award of benefits is appropriate." *Id.*

Benefits may be awarded where "the record has been fully developed" and "further

administrative proceedings would serve no useful purpose." *Smolen*, 80 F.3d at 1292; *Holohan v.*

*Massanari*, 246 F.3d 1195, 1210 (9th Cir. 2001).  Specifically, benefits should be awarded

where:

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting [the
> claimant's] evidence, (2) there are no outstanding issues that must be resolved
> before a determination of disability can be made, and (3) it is clear from the
> record that the ALJ would be required to find the claimant disabled were such
> evidence credited.

*Smolen*, 80 F.3d 1273 at 1292; *McCartey v. Massanari*, 298 F.3d 1072, 1076-77 (9th Cir. 2002).

Because issues still remain in regard to the medical evidence in the record and plaintiff's RFC, it

is far from clear that plaintiff has the ability to perform other jobs existing in significant numbers

in the national economy as the ALJ found (AR 32-33). As such, remand for further consideration

of those issues is warranted.

CONCLUSION

Based on the foregoing discussion, the Court finds the ALJ improperly concluded

plaintiff was not disabled. Accordingly, defendant's decision to deny benefits is REVERSED

ORDER - 8

and this matter is REMANDED for further administrative proceedings.

DATED this 17th day of February, 2016.

Karen L. Strombom
United States Magistrate Judge

ORDER - 9